STATEMENT OF RELEVANT FACTS & PROCEDURAL HISTORY

PAT SEKAQUAPTEWA, Judge.
On February 3, 2006, Petitioner Fritz, an enrolled member of the Hopi Tribe, was cited for Assault (Ord.21, Sec.3.3.3), Disorderly Conduct (Ord.21, 3.3.21) and Failure to Obey Lawful Order of the Court (Ord.21, 3.3.84) by Officer Paul Harding Sidney of the Hopi Tribal Police. See Criminal Complaints in 20006-CK-0185 filed Feb. 6, 2006. The complaint for assault states that “Defendant engaged in fighting victim by getting in a fighting stance and said out loud in Senior High Wing, ‘You bitch. Bring it on.’ Security Officer, Albert Silas III, intervened in the fight and escorted defendant to Dean’s Office.” Criminal Complaint (Assault), filed Feb., 6, 2006. The complaint for disorderly conduct states that a “Large group of students gathered in school to see defendant engage in fight with victim,.... In the process of confrontation, defendant used abusive language toward the victim which created hazardous or physically offensive conditions not only for victim, but for students and staff observing the commotion.” Criminal Complaint (Disorderly Conduct), filed Feb. 6, 2006. The complaint for “failure to obey a lawful order of the court” states that “Defendant violated ‘Release Order’ # 05CR1607, signed and dated by Tribal Judge, Murial Scott by violating Tribal Laws which Rick Fritz engaged in fighting and created hazardous conditions for students and staff at Hopi Jr./Sr. High School.” Criminal Complaint (Failure to Obey Lawful Order of the Court), filed Feb. 6, 2006.
Petitioner is also currently awaiting trial on a separate, but earlier, set of charges filed by the Hopi Tribe. In that case, Petitioner was charged with and pled not guilty to Disorderly Conduct and Assault & Battery. See Criminal Complaints in 05-CR-1607, filed December 12, 2005. The trial judge put Petitioner on conditional third party release on December 12, 2005.[1] Release Order, fill'd Dec. 12, 2005. On January 3, 2006 the judge issued a new *420 release order citing a “possible violation” of the previous order and placing Petitioner under house arrest with daily release so that he could attend school. Order, in 05-CR-1607, filed Jan. 3, 2006.
The alleged altercation at issue in the present petition took place on February 3, 2006. See Criminal Complaints in 2006-CR-0185, filed Feb. 6, 2006. On February 6, 2006 a Warrant for Arrest was issued by the trial court setting Petitioner’s bond at $5,000.00 in the warrant. Warrant for Arrest, 06-CR-0185, illed/execLited Feb. 6, 2006. On February 7, Petitioner plead not guilty to all 200G-CR-0185 charges (Assault, Disorderly Conduct, Failure to Obey Lawful Order of Court) and the trial judge set bond at $4,000.00, citing (1) his threat to himself and others; (2) the serious nature of the offenses committed; (3) his histoxy of escapes from jail and/or noncompliance with court orders; and (4) there being probable cause to believe that the defendant will not return as ordered if released on his/her own recognizance. Order Bail/Bond Setting, G5-CR-0185, filed Feb. 7, 2006.
On February 7, 2006, a fourth order was issued by the lower court for the charges in case No. 05-CR-1607. That order set aside the “Recognizance Release previously issued” and set a new bond in the amount of $1,500.00.[2] It cited probable cause existing to believe that Petitioner was (1) a threat to himself and others; (2) the offenses charged were serious in nature and warrant detention of the Petitioner; and (3) that the Petitioner had a history of escapes from jail and/or noncompliance with court orders. (Order Bail/Bond Setting, 05-CR-1607, filed Feb. 7, 2006).
Petitioner filed a Motion to Reconsider on February 8, 2006 asking the court to vacate the bond order of $5,500.00[3] and either release Petitioner on his own recognizance or continue his house arrest. Motion to Reconsider, 06-CR-OI85, filed Feb. 8, 2006. On February 13, 2006 the trial court denied his Motion to Reconsider. Order, 06-CR-0185, filed Feb. 13, 2006. Petitioner then filed a petition for writ of habeas corpus with the Appellate Court on March 7, 2006.
Execution (not filing) Date_Document, Pleading, or Order_Case No.
December 10,2005 Criminal Complaints Round # 1 05-CR-1607 H.T.O. 21, Section 3.3.21 Disorderly Conduct H.T.O. 21, Section 3.3.4 Assault and Battery _
December 12, 2005_Arraignment/Release Order 05-CR-1607
January 3,2006 Order 05-CR-1607 (Sua Sponte Motion for House _ Arrest) ___
January 13, 2006 Order
*421 (Denying Motion for Temporary Release) __
February 3,2006 Criminal Complaints Round # 2 06--CR-0185 H.T.O. 21 Section 3.3.84 Failure to Obey Lawful Order of the Court (violation of “Release Order # 05CR1607") H.T.O. 21 Section 3.3.21 Disorderly Conduct H.T.O. 2Í Section 3.3.3 ______ Assault____
February 6, 2006 Warrant For Arrest 06-CR-Ü185 _ (sets a bond of $5,000) :
February 7,2006 Order 05-CR-1607 (Bail/Bond Setting) H.T.O. 21 Section 3.3.21 Disorderly Conduct H.T.O. 21 Section 3.3.4 Assault & Battery _ (Set Bond at $1,500)
February 7,2006 Arraignment Order 2006-CR-0185 (Bail/Bond Setting) H.T.O. 21 Section 3.3.84 Failure to Obey Lawful Order of the Court H.T.O. 21 Section 3.3.21 Disorderly Conduct H.T.O. 2Í Section 3.3.3 Assault __(Set Bond at $4,000)
February 8, 2006 Motion to Reconsider 05-CR-0185 _($5,500 bond imposed)_
February 9, 2006 Response to Motion to 2006-CR-0185 _____Reconsider Bond_
February 13,2006 Order 20Q6-CR-0185 _____(Denying Motion to Reconsider) __
March 6, 2006 Petition for Writ of Habeas 2006-CR-0185 _ Corpus______
March 7,2006 Order 2006-CR-0185 (Bail/Bond Setting) H.T.O. 21 Section 3.3.84 H.T.O. 21 Section 3.3.21 Disorderly Conduct H.T.O. 21 Section 21.3.3.3 Assault
GROUNDS FOR PETITION
On March 7, 2006 defendant Rick Fritz filed a Petition for a Writ of Habeas Corpus with the Appellate Court arguing that Judge Muriel Scott violated “the Hopi notion of fairness,” as set out in Norris v. Hopi Tribe, 98-AC-000007, when she set an excessive bond on three occasions without a sufficient factual showing that a bond was necessary to assure the defendant’s presence at trial, i.e. that defendant, posed a Right risk. First, Petitioner states that the trial judge issued an arrest warrant setting a bond of $5,000 on February 6, 2006. Petition lor a Writ of Habeas Cor *422 pus (hereafter “Petition”) at 2. Then he alleges that, on February 7, 2006, she reset earlier bonds totaling $5,500, absent the presence of the Prosecutor and without a hearing. Petition at 2. Finally, Petitioner argues that Judge Scott’s February 13, 2006 order denying his Motion to Reconsider bond also violates the Hopi notion of fairness as set out in Norris. Id. at 4. Petitioner prays that a writ of habeas corpus be issued and that defendant be ordered released. Id. at 5.
DISCUSSION
Ordinance 21, Section 2.5.4 requires that bail be set “upon the showing of probable cause by the prosecutor” and that it should be fixed in an amount that will “insure the presence of the defendant in Court at the time of trial.” The three factors that may be considered in furtherance of this showing include: (1) the factors that may be considered in furtherance of this showing include: (1) the nature and circumstances of the offense charged; (2) the character and reputation of the defendant; and (3) the previous criminal record of the defendant. H.T.O. 21, § 2.5.4. In Norris, the Appellate Court characterized the primary purpose of the Hopi bail scheme as one of insuring the presence of the accused at trial. Norris v. Hopi Tribe, 1998.-NAHT.0000020, paragraph 22; 98-AC-000007, ? (Hopi App.Ct.1998). Further, the Court held that Hopi notions of fundamental fairness prohibit the trial court from restricting an individual’s liberty interests before trial in an amount greater than that which is necessary to assure the defendant’s presence at trial: “... a trial judge should impose a bond as a condition of pre-trial release only after determining that the defendant is not likely to appear at trial .the court may only impose bail if it finds that a monetary condition is necessary to provide assurance of the defendant’s return to court. Without such a showing, the imposition of any bond amount is punitive and represents an excessive response to the tribe’s asserted interest.” Norris at paragraphs 25-27. “Unlike the federal and most state bail statutes, Ordinance 21 does not instruct the trial court to consider danger to the community as a factor in determining the appropriate method of release.” Id. at footnote 5 (citing to 18 U.S.C. § 3142(b)(?)and A.R.S. 13-3961 (1998)).
i. The Arrest Warrant of February 6
The Arrest Warrant issued February 6, 2006, setting a bond in the amount of $5,000 lacks the requisite showing that defendant posed a flight risk:
“TO ANY LAW ENFORCEMENT OFFICER: ... The Court finds that there is reasonable cause to believe that such offenses [Failure to Obey Lawful Order of Court, Disorderly Conduct, & Assault] were committed and that the accused committed them and that the accused will not appear in response to a summons or that a warrant is otherwise appropriate. YOU ARE THEREFORE COMMANDED to arrest Rick Fritz and bring him/her before this Court to answer to the charge(s). You may release the defendant if defendant posts a secured bond in the amount of $5,000.00.”
Warrant for Arrest, filed Feb. 6, 2006. It appears from the record that the warrant was issued sua sponte, absent any hearing or showing of Ordinance 21, Section 2.5.4 factors demonstrating potential flight risk. The warrant on its face also lacks findings supporting the setting of bond in any amount. The bond set out in the warrant alone cannot authorize pre-trial detention pending trial as it violates both Ordinance 21, Section 2.5.4 and Hopi notions of fairness..
*423 ii. The Bail/Bond Orders of February 7
On February 7, 2006 the trial court judge issued two “Bail/Bond” orders resetting bond in the cases numbered 05-CR-1607 (reset to $1,500) and 2006-CR-0185 (reset to $4,000) for a total of $5,500. The trial record is devoid of either digital or written transcripts of an arraignment on this date during which a showing of flight risk might have taken place. Both the “Order Bail/Bond Setting” in 2005-CR-1607 and in 2006-CR-0185 contain a template checklist absent any case specific findings before setting the bail/bond:
“[ ] Is a threat to himself or others.
[ ] May flee the jurisdiction of the Hopi Tribe.
t ] Offense(s) charged are serious in nature and warrant detention of the defendant.
[ ] Defendant has a history of escapes from jail and/or noncompliance with Court Orders.
[ ] Defendant is on police hold.
[ ] There is probable cause to believe that the defendant will not return as ordered if released on his/her own recognizance. [ ] Other:
IT IS ORDERED THAT the defendant be released from custody of the Hopi .Jail provided he/she pay the monetary bail/bond in the amount of $_ ...”
The Order in 2005-CR-1607 had checks for “Offense(s) charged are serious in nature and warrant detention of the defendant” and “Defendant has a history of escapes from jail and/or noncomplianee with Court Orders.” The Order in 2006-CR-0185 includes these checks with the additional check of “There is probable cause to believe that the defendant will not return as ordered if released on his/her own recognizance”. While these are proper factors to consider under Ordinance 21, Section 2.5.4, there is no demonstration in either record or on the face of these orders that any factual showings were made or setting out the specific facts relied upon by the trial judge in Setting bond. Consequently, the bond set out in these bail/ bond orders alone cannot authorize pretrial detention pending trial as it violates both Ordinance 21, Section 2,5.4 and Hopi notions of fairness.
iii. The Order of February 13 Denying the Motion to Reconsider the Bond
Despite the fact that neither the warrant setting bond on February 6, nor the bail/ bond orders resetting bonds on February 7, are based on sufficient showings or findings to support a finding that defendant is a flight risk, it is necessary to address whether the trial judge’s consideration of defendant’s motion to reconsider and decision to deny that motion—in effect reaffirming the standing absent payment. In her order filed February 15, 2006, the trial judge sets out her findings based on the defendant’s original motion and the Chief Prosecutor’s response finding:
“The Defendant’s charges are serious, and he has failed to comply with conditions set forth in the Third-Party Release ordered on December 12, 2005 in Case Number 2005-CR-1007 (Defendant’s House Arrest was revoked on February 7, 2006 based on the newr arrest in this case.) Furthermore, the Defendant is a danger to the community”
The trial judge’s finding that the charges in 2006-CR-0185 are serious (assault and disorderly conduct), and her finding that the defendant has failed to comply with the conditions set forth in the Third-Party Release of December 12, 2005 (specifically, that he was arrested in a second round of complaints on February 3rd) are both factors going toward a showing that defendant posed a flight risk and potentially *424 would not show up for trial as required by Ordinance 21, Section 2.5.4.
ORDER
Defendant Fritz’s Petition for a Writ of Habeas Corpus is denied. The trial court’s bail/bond orders of February 7 and the order denying defendant’s motion for reconsideration on February 13, 2006, stand and may be subsequently reduced (but not enlarged without a sufficient showing and setting out of findings in the order).

. The trial judge initially set a bond of $2,500 but then revoked it once the defendant and parents agreed to the terms of the third party release agreement. The judge warned the parents that, should defendant violate the terms of his release, the bond could be reinstated. See Trial Transcripts in 2005-CR-1607, on Dec. 12, 2005.

. "It is ordered that the defendant be released from custody of the Hopi Jail provided he/she pay a monetary bail/bond in the amount of $1,500.00 and promises to comply with the following conditions: The Recognizance Release previously issued is set aside. The defendant shall not have any contact with Fel-ton Cuch until final disposition of this matter. The defendant shall not harm, harass, threaten, intimidate or disturb the peace and person of Felton Cuch.” Order Bail/Bond Setting, 05-CR-1607, filed Feb. 7, 2006.

. Although this Motion to Reconsider is filed under Case No. 06-CR-0185, Petitioner is actually contesting the bail set in both 05- CR 1607 ($1,500) and 0Ó-CR-0185 ($4,000).